IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALIK PEAY, | : | Civil No. 3:24-cv-1367 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN RIVELLO, *et al.*, | : | FILED SCRANTON |
| Defendants | : | MAY 02 2025 |

PER _____ /s/ AmO _____
DEPUTY CLERK

**MEMORANDUM**

Plaintiff Jalik Peay ("Peay"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via a second amended complaint against Superintendent John Rivello, Deputy Superintendent Jon Kohler, Major W. House, Deputy Superintendent Jill Spyker, Correctional Officer E. Heaster, Correctional Officer Mozley, Correctional Officer Tucker, Correctional Officer McCulley, Correctional Officer Fowler, Correctional Officer Suydam, Correctional Officer J. Watt, Correctional Officer Hall, Correctional Officer S. Kyle, Hearing Examiner Scott Ellenberger, and Nurse Jessica Tress. (Doc. 14).

Presently pending before the Court is a motion (Doc. 17) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendant Jessica Tress. The motion is ripe for resolution. For the reasons set forth below, the Court will grant the motion.

## I.   Factual Allegations[1]

In the second amended complaint, Peay identifies Jessica Tress as a Defendant. (Doc. 14 ¶ 8). He asserts that Defendant Tress is a Certified Registered Nurse Practitioner and is responsible for the psychiatry department at SCI-Huntingdon. (*Id.*). Peay does not set forth any factual allegations against Defendant Tress and does not assert any causes of action against her. (*Id.* ¶¶ 19-48).

In the first amended complaint, Peay alleges that Defendant Tress denied him use of a mattress, soap, and washcloth for one week, and restricted him from accessing the prison yard and showers for one week. (Doc. 10 ¶ 34).

## II.   Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do." *DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In

---

[1] For purposes of this Memorandum, the Court only includes the allegations pertaining to Defendant Tress.

2

other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] -that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *Id.*

## III. Discussion

### A. Section 1983

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*See* 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* (citation omitted).

4

### 1. Personal Involvement in a Section 1983 Action

In order to plausibly state a claim under Section 1983, a plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode*, 845 F.2d at 1207); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting *Rode*, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, *see id.* (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978)).

Here, while Defendant Tress was named as a Defendant in Peay's second amended complaint, there is a complete absence of factual allegations in his second amended complaint which would establish how this Defendant was personally involved in a violation of his constitutional rights. *See Dooley*, 957 F.3d at 374 (stating that "[p]ersonal

involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting *Rode*, 845 F.2d at 1207)); *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (explaining that, in order for a plaintiff to prevail under Section 1983, he must make "a showing that each defendant was personally involved in the alleged wrongdoing"). There are simply no factual allegations against Defendant Tress in the second amended complaint, which is insufficient to demonstrate her necessary personal involvement in the alleged unconstitutional conduct. *See Chavarriaga*, 806 F.3d at 222 (explaining that the plaintiff's allegations did not describe the defendants' conduct in sufficient detail so as to support the plaintiff's conclusory allegations that the defendants had any personal involvement in any violation of her constitutional rights, as required by Section 1983 (citation omitted)); *see also Iqbal*, 556 U.S. at 678 (stating that legal conclusions are "not entitled to be assumed true" (citation omitted)). Accordingly, any Section 1983 claims against Defendant Tress are subject to dismissal for Peay's failure to allege her personal involvement.

### B.     Conditions of Confinement Claim[2]

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To show that conditions of confinement violate the Eighth Amendment, a plaintiff bears the burden of proving two requirements: "(1) the deprivation alleged must be, objectively, 'sufficiently serious,'" resulting in the "denial of 'the minimal civilized measure of life's necessities,'" and "(2) the 'prison official must have a sufficiently culpable state of mind.'" *Thomas*, 948 F.3d at 138 (quoting *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 299, 302-303 (1991) (cleaned up)); *McClure v. Haste*, 820 F. App'x 125, 128 (3d Cir. 2020). Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Fantone v. Herbik*, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)).

---

[2] The Court notes that, as a matter of law, an amended complaint takes the place of the earlier complaint, effectively invalidating any earlier complaint. *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("in general, an amended pleading...supersedes the earlier pleading and renders the original pleading a nullity"). In his brief in opposition to Defendant Tress' motion, Peay admits that he "has not set forth any allegation against" Defendant Tress in his second amended complaint and acknowledges the Court's prior Order that "this matter shall proceed on the second amended complaint." (Doc. 23, at 1-2; *see also* Doc. 15). However, in his opposition brief, Peay cross-references his first amended complaint. (Doc. 23). The Court recognizes that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). Nevertheless, in light of Peay's *pro se* status, and for the sake of thoroughness, the Court will address the merits of Peay's Eighth Amendment conditions of confinement claim against Defendant Tress as set forth in his first amended complaint.

7

To satisfy the first requirement, Peay "must show that he is incarcerated under conditions posing a substantial risk of serious harm," but he need not show actual injury. *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (internal quotations omitted)). "The proof necessary to show that there was a substantial risk of harm is less demanding than the proof needed to show that there was a probable risk of harm." *Id.* (quoting *Chavarriaga*, 806 F.3d at 227). "This is a totality-of-the circumstances analysis" and should consider the duration and severity of the unconstitutional conditions. *McClure*, 820 F. App'x at 128.

Peay's claim fails at both elements. The allegations in support of his claim are centered around the alleged denial of a mattress, soap, and washcloth for one week, and a restriction from accessing the prison yard and showers for one week. (Doc. 10 ¶ 34). Peay alleges that he was subjected to these conditions for a short duration of time—one week. (*Id.*). The conditions of which Peay complains, while potentially unpleasant, do not rise to the level of an Eighth Amendment violation. Peay's claims have been squarely rejected by the Third Circuit Court of Appeals and he has failed to adequately allege that he was deprived of "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298; *See Barndt v. Wenerowicz*, 698 F. App'x 673, 676 (3d Cir. 2017) (*per curiam*) (concluding that the "denial of out of cell exercise and showers for twenty-eight days" did not violate the constitution considering that the inmate did not demonstrate any ill effects caused by those conditions and had other means of exercising and keeping himself clean); *Adderly v.*

*Ferrier*, 419 F. App'x 135, 140 (3d Cir. 2011) (holding that denial of access to clothing, toiletries, legal mail, a pillow, a mattress, and showers for seven days did not "constitute a denial of the 'minimal civilized measures of life's necessities'"); *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (denial of shower and exercise for fifteen days was not sufficiently serious to violate the Eighth Amendment); *Gattis v. Phelps*, 344 F. App'x 801, 805 (3d Cir. 2009) (determining that the prisoner was not guaranteed outdoor exercise at all times and that the limitation of exercise to three days per week was insufficiently serious to implicate the Eighth Amendment); *Christian v. Garman*, No. 20-1842, 2021 WL 1017251 at *7 (M.D. Pa. March 17, 2021) (concluding that plaintiff had failed to state a claim plausibly suggesting that limitations on exercise implicated the Eighth Amendment). The Court, therefore, will dismiss Peay's Eighth Amendment conditions of confinement against Defendant Tress.

## IV.   **Leave to Amend**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The claims against Defendant Tress are factually and legally flawed and thus incurable.

9

Therefore, the Court concludes that granting Peay leave to file a third amended complaint would be a futile endeavor. Moreover, the Court previously granted Peay leave to amend his claims and he has failed to remedy the deficiencies of his claims. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story...giving him further leave to amend would be futile.").

## V. <u>Conclusion</u>

Consistent with the foregoing, the Court will grant the Rule 12(b)(6) motion (Doc. 17) to dismiss filed on behalf of Defendant Tress.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May 2, 2025